Matter of Junmo Yu (2020 NY Slip Op 00131)





Matter of Junmo Yu


2020 NY Slip Op 00131


Decided on January 8, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LINDA CHRISTOPHER, JJ.


2019-05498

[*1]In the Matter of Junmo Yu, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Junmo Yu, respondent. (Attorney Registration No. 2606267)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 27, 1994.



Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On June 10, 2019, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts personally served the respondent with a notice of petition and a verified petition, both dated May 17, 2019, and duly filed those papers with this Court together with an affidavit of service. The petition contains three charges alleging, among other things, that the respondent neglected a client's legal matter, failed to cooperate with the Grievance Committee's investigation of two complaints, and failed to maintain his attorney registration for five successive periods (2010-2019). The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. The motion papers were served upon the respondent on August 1, 2019. To date, the respondent has failed to submit papers in response to the motion.
By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(5) upon a finding that he is guilty of professional misconduct immediately threatening the public interest. To date, the respondent has failed to submit papers in response to this motion.
Accordingly, the Grievance Committee's motion to deem the charges of the verified petition dated May 17, 2019, established is granted, the charges in the verified petition are deemed established, the motion to immediately suspend the respondent from the practice of law is denied as academic, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CHRISTOPHER, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated May 17, 2019, established is granted, and the Grievance Committee's separate motion to immediately suspend the respondent, Junmo Yu, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Junmo Yu, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Junmo Yu, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Junmo Yu, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Junmo Yu, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court